IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Nationwide Mutual Insurance Company and Nationwide Property & Casualty Company, ) ) ) ) | C.A. No. 6:05-827-HMH |
| Plaintiffs, ) ) ) | **OPINION AND ORDER** |
| vs. ) ) | |
| Whitney Miles, Latasha Kirksey, Brandon Ferguson, and James Zimmerman, ) ) ) | |
| Defendants. ) | |

This matter is before the court on cross-motions for summary judgment. For the reasons stated below, the court grants in part and denies in part Nationwide Mutual Insurance Company's ("Nationwide Mutual") motion for summary judgment and denies Whitney Miles' ("W. Miles") motion for partial summary judgment.

### I. FACTUAL AND PROCEDURAL BACKGROUND

On January 3, 2005, Latasha Kirksey ("L. Kirksey) lost control while driving a 1992 Infiniti automobile owned by Minnie Miles ("M. Miles"), W. Miles' grandmother, on Interstate 85 in Greenville County, South Carolina. (W. Miles' Mem. Supp. Summ. J. 1.) The car was destroyed when it hit a retaining wall, and W. Miles, a passenger in the vehicle, was injured in the accident. (Id.) Brandon Ferguson ("Ferguson") and James Zimmerman ("Zimmerman") were also in the car at the time of the accident. (Am. Compl. ¶ 9.)

The car was insured under policy number 6139K742032 ("Infiniti Policy"), issued by Nationwide Property & Casualty Company ("Nationwide P&C") to Robert Miles ("R.

1

Miles") and M. Miles, "with liability, uninsured motorists ['UM'], and underinsured motorists ['UIM'] coverage limits of $15,000/$30,000/$10,000." (Id. ¶ 5.) There are at least three other insurance policies, none of which list the Infiniti, that could provide liability, UM, or UIM coverage by virtue of the people involved in the accident. The first, policy number 6139M285520, was issued to R. Miles, W. Miles' grandfather and M. Miles' husband, with liability and UM coverage limits of 15,000/$30,000/$10,000 ("Miles Policy").[1] (Id. ¶ 7.) The second was issued to James B. Kirksey ("J. Kirksey"), L. Kirksey's father, with liability, UM, and UIM coverage limits of $25,000/$50,000/$25,000 ("Kirksey Policy"). (Id. ¶ 7.) Both of these policies were issued by Nationwide Mutual. A third policy, not mentioned in the amended complaint or answer, was issued to R. Miles by Nationwide P&C, policy number 6139K742031, with liability, UM, and UIM coverage limits of $15,000/$30,000/$10,000 ("Miles' Second Policy").

On March 17, 2005, Nationwide Mutual filed the complaint in the instant action. On June 20, 2005, Nationwide Mutual amended its complaint, adding Nationwide P&C as a plaintiff (collectively, the plaintiffs are hereinafter referred to as "Nationwide"). In the amended complaint, Nationwide contends that R. Miles and M. Miles allowed W. Miles to use the Infiniti "while in college but expressly instructed [her] that no one other than [her] was permitted to drive the vehicle." (Id. ¶ 8.) Moreover, Nationwide alleges that R. Miles and M. Miles prohibited W. Miles from using "the vehicle for out of town trips or" from "operat[ing] the vehicle on Interstate highways." (Id.)

---

[1] The policy declarations page reveals no UIM coverage for this policy. (Nationwide Mutual's Mem. Supp. Summ. J. Add'l Docs. (Miles Policy Declarations at 1).)

2

> Nationwide requests that the court declare the following:
>
> a) that [the Infiniti Policy and Miles Policy] do not provide liability coverage to Latasha Kirksey for the accident mentioned above;
>
> b) that [the Kirksey P]olicy does not provide liability coverage to Latasha Kirksey for the accident mentioned above;
>
> c) that [the Infiniti Policy and Miles Policy] do not provide uninsured or underinsured motorists coverage to Latasha Kirksey, Whitney Miles, Brandon Fergerson, or James Zimmerman for any claim they may have as a result of the accident mentioned above;
>
> d) that Latasha Kirksey, Whitney Miles, Brandon Fergerson, and James Zimmerman are not entitled to stack uninsured and underinsured motorists coverage under [the Infiniti Policy and the Miles Policy]; [and]
>
> e) that even if Whitney Miles is an insured under [the Infiniti Policy and the Miles Policy], uninsured or underinsured motorists coverage is excluded . . . .

(Am. Compl. ¶ 42.)

Although the amended complaint was served on W. Miles, L. Kirksey, Ferguson, and Zimmerman, only W. Miles answered the amended complaint, filing her second amended answer and counterclaim on June 22, 2005. W. Miles admitted that R. Miles and M. Miles granted her permission to drive the Infiniti and that "she was asked not to let other individuals drive the vehicle." (Second Am. Answer ¶ 8.) W. Miles further admitted that she had given permission to L. Kirksey to drive the car on January 3, 2005, and that while en route to Atlanta, Georgia, L. Kirksey crashed the vehicle. (Id.) Finally, W. Miles explicitly admitted that "Robert Miles did not directly authorize Latasha Kirksey to drive the 1992 Infiniti on or about January 3, 2005." (Id. ¶ 22.)

W. Miles alleged that "she was insured pursuant to approximately seven policies of insurance purchased by Robert Miles and/or Minnie Miles" issued by Nationwide P&C. (Id.

3

¶ 5.) She claimed that she was "in fact a named insured under one or more of the policies of insurance issued by Nationwide [P&C]." (Id. ¶ 38.) W. Miles asserted three counterclaims, seeking that the court declare the following: (1) L. Kirksey is entitled to liability coverage under the policies of Nationwide P&C, and the policies of "any other subsidiaries of [Nationwide Mutual] which provided automobile insurance policies for Robert Minnie Miles and their family, which on January 3, 2005 insured the 1992 Infiniti"; (2) W. Miles is entitled to UM coverage under all insurance policies purchased by R. Miles and/or M. Miles from Nationwide P&C or any other Nationwide Mutual subsidiary which provided automobile insurance for R. Miles and M. Miles and their family, and that W. Miles is entitled to stack that UM coverage from the policies; and (3) M. Miles is entitled to UIM coverage under all policies of insurance purchased by R. Miles and/or M. Miles from Nationwide P&C or any other Nationwide Mutual subsidiary which provided automobile insurance for R. Miles and M. Miles and their family, and that W. Miles is entitled to stack that UIM coverage from the policies. (Second Am. Answer ¶¶ 55, 57, 59.) In its reply to W. Miles' counterclaims, Nationwide asserted that W. Miles "did not have the authority to give express or implied permission to Latasha Kirksey to use the vehicle." (Pls.' Reply W. Miles' Countercls. ¶ 3.)

On January 23, 2006, W. Miles moved for summary judgment on her second counterclaim for a declaration that she is entitled to UM coverage under "the Nationwide policies." (W. Miles' Mem. Supp. Summ. J. 2.) The same day, Nationwide Mutual moved for summary judgment, asserting that the court should grant summary judgment and a declaratory judgment in its favor

4

> because (1) Latasha Kirksey, the driver of the vehicle involved in the accident, is not entitled to liability coverage under the Mile's [sic] policy because she did not have the named insured's permission to operate the vehicle, (2) Latasha Kirksey does not qualify as an insured under her parent's policy because she was not a resident relative of their household at the time of the accident, and (3) neither Whitney Miles, Brandon Ferguson nor James Zimmerman can make a claim for uninsured or underinsured motorists coverage because Whitney Miles was not a resident relative of Minnie Miles' household nor did she or the two other passengers have permission to use or occupy the vehicle at the time of the accident.

(Nationwide Mutual's Am. Mem. Supp. Summ. J. 1-2.)

Nationwide responded in opposition to W. Miles' motion for summary judgment on January 23, 2006. W. Miles did not file a reply in support of her motion for summary judgment.

W. Miles responded to Nationwide Mutual's motion for summary judgment on January 24, 2006. Nationwide Mutual filed a reply on January 30, 2006. In its reply, Nationwide Mutual alleged that the affidavits relied upon by W. Miles in her response should not be considered by the court because the witnesses who gave the affidavits were not identified before the end of the discovery period.

W. Miles construed Nationwide's request that the court not consider the affidavits W. Miles filed in support of her response opposing summary judgment as a motion for sanctions under Federal Rule of Civil Procedure 37(c), as the witnesses giving the affidavits had not been identified during the discovery period. Accordingly, W. Miles filed a motion for leave to respond to Nationwide's motion or alternatively to file a sur reply to Nationwide's reply on February 4, 2006. Simultaneously, W. Miles filed her response and sur reply. Nationwide responded to W. Miles' motion for leave to respond or to file a sur reply on February 22, 2006.

## II. DISCUSSION OF THE LAW

### A. Summary Judgment Standard

Summary judgment is appropriate only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Rule 56(c) mandates entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

In deciding whether there is a genuine issue of material fact, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in the non-movant's favor. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." Id. at 248.

Moreover, "[w]hen a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). With respect to this burden, "it is the responsibility of the plaintiff, not the court, to identify with particularity the evidentiary facts existing in the record which can oppose the defendant's summary judgment motion." Malina v. Baltimore Gas & Elec. Co., 18 F.Supp. 2d 596, 604 (D. Md. 1998).

6

**B. W. Miles' Motion for Partial Summary Judgment**

W. Miles moves for partial summary judgment on her counterclaim for a declaration that UM coverage under the policies issued by Nationwide P&C or other Nationwide Mutual subsidiaries to R. Miles and/or M. Miles is available to her. W. Miles contends that she is a resident relative of M. Miles and R. Miles.

In support of her motion, W. Miles asserts that R. Miles and M. Miles have legal custody of her and that she grew up with them at 4 East Caroline Street, in Greenville, South Carolina. (W. Miles' Mem. Supp. Summ. J. 2 & Ex. 1 (W. Miles Dep. 7).) W. Miles claims that R. Miles and M. Miles purchased two automobile insurance policies years before the accident, and that those policies covered at least seven vehicles.[2] (Id.) W. Miles asserts that when she began driving, R. Miles and M. Miles added her as an insured driver under

---

[2]Although W. Miles alleged in her answer that she was covered under approximately seven policies issued by Nationwide P&C or other Nationwide Mutual subsidiaries at the time of the accident, W. Miles has not substantiated this allegation with documentation. (Second Am. Answer ¶ 8.) In contrast, in her memorandum in support of her motion for partial summary judgment, W. Miles contends that there were only two Nationwide policies in place. (W. Miles' Mem. Supp. Summ. J. 2.) Nationwide submitted complete copies of Miles' Policy and the Infiniti Policy, and W. Miles has not contested the authenticity of those copies. In support of her motion, W. Miles attached portions of Miles' Second Policy and identification cards for that policy and the Infiniti Policy, but the effective dates for both were in February 2005, after the accident occurred. (W. Miles' Mem. Supp. Summ. J. Ex. 3 (Insurance Documents).) However, W. Miles also included identification cards from Miles' Second Policy indicating that the effective date for that policy was October 2004. Nationwide has not argued that Miles' Second Policy was not in place at the time of the accident. Hence, there is documentary support that there were three Nationwide policies, the Infiniti Policy, Miles' Policy, and Miles' Second Policy, which may provide coverage to W. Miles.

under their policies.³  (Id.)  W. Miles claims that she "wanted to try living away from home while going to college, and so around November 1, 2004, Robert and Minnie allowed Whitney to move to an apartment <u>on a temporary basis</u>, while taking courses at Greenville Tech, before she was to transfer to South Carolina State in the spring."  (Id. 3 & Ex. 1. (W. Miles Dep. 9-10).)  W. Miles alleges that her activities at 4 East Caroline Street (such as receiving mail, eating meals, washing her clothes, and occasionally spending the night), coupled with the fact that her drivers license, voter registration card, and other documents list her address as 4 East Caroline Street, establish that she was only temporarily living away at the apartment.  (Id. 3-4.)  For purposes of insurance coverage, she argues that she qualifies as a resident relative and is entitled to summary judgment on her requested declaration that she is eligible to receive UM coverage from R. Miles and M. Miles' insurance policies.

The relevant policy language is not disputed.  Under the policies issued by Nationwide Mutual and Nationwide P&C to R. Miles and M. Miles, the UM coverage provisions state that

> **[w]e** will pay damages . . . because of **bodily injury** suffered by **you** or a **relative** and because of property damage.  Such damages must be due by law to **you** or a **relative** from the owner or driver of . . . an **uninsured motor vehicle**[] or an **underinsured motor vehicle** . . . .  Damages must result from an accident arising out of the ownership, maintenance, or use of the **uninsured motor vehicle** or **underinsured motor vehicle**.

---

³The court notes that W. Miles' citations to the record do not support her allegation. W. Miles and M. Miles' deposition transcripts, at the pages cited, contain no reference to W. Miles being added to any insurance policy.  Further, "Exhibit 1," presumably the letter from Nationwide indicating that W. Miles was covered, was dated <u>after</u> the accident occurred and contained no information as to when W. Miles was added.

8

(Nationwide Mutual's Mem. Supp. Summ. J. Add'l Docs. (Infiniti Policy at U1).) Furthermore, the policy defined "relative" as "one who regularly lives in your household and who is related to **you** by blood, marriage, or adoption (including a ward or foster child). A **relative** may live temporarily outside **your** household." (Id. (Infiniti Policy at D1).).

The purpose of the UM statute is "to provide benefits and protection against the peril of injury or death by an uninsured motorist to an insured motorist, his family, and the permissive users of his vehicle." Ferguson v. State Farm Mut. Auto. Ins. Co., 198 S.E.2d 522, 524 (S.C. 1973). The statute "is remedial in nature, enacted for the benefit of injured persons and is to be liberally construed so that the purpose intended may be accomplished." Gunnels v. Am. Liberty Ins. Co., 161 S.E.2d 822, 824 (S.C. 1968) (internal quotation marks omitted).

"Unlike the provisions relative to liability coverage, the statute plainly affords uninsured motorist coverage to the named insured and resident relatives of his or her household at all times and without regard to the activity in which they were engaged at the time." Hogan v. Home Insurance Co., 194 S.E.2d 890, 892 (S.C. 1973). "Such coverage is nowhere limited in the statute to the use of the insured vehicle." Id. Finally, "if a provision in the insurance contract is in conflict with the requirements of the statute, the statute controls the rights of the parties." Unison Ins. Co. v. Schmidt, 529 S.E.2d 280, 282 n.1 (S.C. 2000).

Ultimately, when one claims UM benefits on the basis of being a resident relative of an insured, "[t]he determination of resident relative status is a question of fact." Coakley v. Horace Mann Ins. Co., 609 S.E.2d 537, 541 (S.C. Ct. App. 2005). Maintaining regular contact with the family home, such as leaving clothes and making regular overnight visits,

9

does not necessarily establish that a college student is a "resident relative" of an insured's household. See Richardson v. South Carolina Farm Bureau Mut. Ins. Co., 519 S.E.2d 120, 122-23 (S.C. Ct. App. 1999). Although W. Miles has offered evidence that she was only temporarily away from home, it is undisputed that she had moved into an apartment and slept at the apartment for approximately two months preceding the accident. Moreover, W. Miles testified that she worked and paid her share of the bills at the apartment, and that her credit card bill and some of her other mail was sent to her apartment address. (Nationwide Mutual's Mem. Supp. Summ. J. Add'l Docs. (W. Miles Dep. 9).) In sum, after a careful review of the record, the court finds that when viewing the evidence in the light most favorable to Nationwide, W. Miles was not temporarily away from home, but had changed her residence to the apartment. As such, W. Miles' motion for summary judgment on her declaration that she was a resident relative is denied.

### C.  Nationwide Mutual's Motion for Summary Judgment

*1. L. Kirksey is not entitled to liability coverage under the Infiniti Policy because she did not have the named insured's permission to operate the vehicle.*

Nationwide has moved for summary judgment on its requested declaration that L. Kirksey is not entitled to liability coverage under the Infiniti Policy because L. Kirksey was not a permissive user of the automobile. Nationwide has explained that "[t]he only people able to give permission and extend liability coverage to [L. Kirksey] were Robert and Minnie Miles," and it is undisputed that W. Miles knew that allowing L. Kirksey to drive the car was not permitted by R. Miles or M. Miles. (Nationwide Mutual's Am. Mem. Supp. Summ. J. 5.) Moreover, Nationwide has identified testimony indicating that M. Miles had prohibited

10

the car from being used for out of town trips, that W. Miles was told to return the car as punishment for failing to attend classes, and that M. Miles did not know that L. Kirksey would use the car. (Id. 6.) For all of these reasons, Nationwide Mutual argues that L. Kirksey did not have permission to use the car. As neither W. Miles nor any other defendant has "set forth specific facts showing that there is a genuine issue for trial" with respect to this issue in response to Nationwide Mutual's motion for summary judgment, Nationwide Mutual is entitled to summary judgment on this claim. Fed. R. Civ. P. 56(e). Therefore, the court finds that L. Kirksey is not entitled to liability coverage under the Infiniti Policy because she was not a permissive user of the automobile.

> *2. L. Kirksey does not qualify as an insured under the Kirksey Policy because she was not a resident relative of J.Kirksey's household at the time of the accident.*

Nationwide Mutual also contends that it is entitled to summary judgment on its claim that L. Kirksey is not entitled to liability coverage under the Kirksey Policy because she was not a resident relative of the named insured on the policy. Nationwide Mutual argues that L. Kirksey's mother, "Deborah Kirksey, testified conclusively that Latasha was on her own and no longer resided in the family home." (Nationwide Mutual's Am. Mem. Supp. Summ. J. 7.) Again, because neither L. Kirksey nor any other defendant has "set forth specific facts showing that there is a genuine issue for trial" with respect to this issue in response to Nationwide Mutual's motion for summary judgment, Nationwide Mutual is entitled to summary judgment on this claim. Fed. R. Civ. P. 56(e). Therefore, the court finds that L. Kirksey does not qualify as an insured under the Kirksey Policy.

> *3. W. Miles, Ferguson, and Zimmerman are not entitled to claim UM or UIM coverage from Nationwide because W. Miles was not a resident relative of M. Miles at the time of the household, and none of them had permission occupy the vehicle at the time of the accident.*

Finally, Nationwide Mutual argues that the passengers in the car at the time of the accident are not entitled to either UM or UIM coverage. Concerning Ferguson and Zimmerman, Nationwide argues that they are not entitled to UM or UIM coverage because coverage is "provided for 'other persons who suffer bodily injury while using or occupying with **your** permission: **your auto**.'" (Nationwide Mutual's Am. Mem. Supp. Summ. J. 9 quoting Nationwide's Mem. Supp. Summ. J. Add'l Docs. (Infiniti Policy at U1).) Nationwide Mutual argues that M. Miles and R. Miles had not – and would not have – given Ferguson and Zimmerman permission to use the vehicle. (Id. 10.) Ferguson, Zimmerman, and W. Miles do not oppose Nationwide Mutual's claim that Ferguson and Zimmerman are not entitled to UM or UIM coverage. Because no defendant has "set forth specific facts showing that there is a genuine issue for trial" with respect to this issue in response to Nationwide Mutual's motion for summary judgment, Nationwide Mutual is entitled to summary judgment on this claim. Fed. R. Civ. P. 56(e). Therefore, the court finds that Ferguson and Zimmerman may not recover UM or UIM benefits.

Nationwide Mutual argues that W. Miles may not recover UM or UIM benefits because she was not a resident living "regularly in the policyholder's household." (Nationwide Mutual's Am. Mem. Supp. Summ. J. 9.) Nationwide Mutual asserts that W. Miles affirmatively moved out, supported herself, and did not receive any financial support from her grandparents, with whom she had previously been living. (Id.) Further, Nationwide

12

Mutual contends that W. Miles may not stack any UM or UIM coverage because she was not a "relative[] resident in the same household" as the named insured and thus not a class I insured. (Id. 10, quoting Davidson v. E. Fire & Cas. Ins. Co., 141 S.E.2d 135, 138 (S.C. 1965) (emphasis added by Nationwide Mutual).).

In response, W. Miles argues that the Nationwide policies are ambiguous and thus must be construed to provide coverage. See Stewart v. State Farm Mut. Auto. Ins. Co., 533 S.E.2d 597, 601 (S.C. Ct. App. 2000) ("[W]here the words of an insurance policy are capable of two reasonable interpretations, that construction will be adopted which is most favorable to the insured.") She argues that the insurance contract's provision that the "relative may live temporarily outside" of the household could be interpreted to provide coverage for W. Miles while she was living at the apartment. (W. Miles' Mem. Opp'n Summ J. 2.) W. Miles ultimately contends that she was only outside of the home temporarily and that her staying at the apartment did not alter her resident relative status.

As previously discussed, whether W. Miles was a resident relative is a question of fact. Coakley, 609 S.E.2d at 541. Neither W. Miles nor Nationwide Mutual is entitled to summary judgment. W. Miles testified that she stayed with M. Miles and R. Miles one or two nights every week and was regularly at that house. (Nationwide Mutual's Mem. Supp. Summ. J. Add'l Docs. (W. Miles Dep. at 15).) Moreover, she testified that she and L. Kirksey "signed the lowest lease possible because we didn't know if it was going to work out," supporting her allegation that the move was a temporary experiment and not permanent. (Id. (W. Miles Dep. at 52).)

13

Significantly, W. Miles testified that she moved into the apartment on November 1, 2004. (Id. (W. Miles Dep. 54.) W. Miles was listed on Miles' Policy as an insured driver, and Miles' Policy was issued on November 4, 2004, after W. Miles allegedly moved out of M. Miles and R. Miles' home. (Id. (Infiniti Policy Declarations at 1).) Accordingly, there is evidence that even after she moved out, she was covered as a insured driver under the Miles' Policy. Hence, after a careful review of the evidence, the court finds that there is a genuine issue of material fact as to whether W. Miles was a resident relative and thus eligible for UM and/or UIM coverage under the policies issued to R. Miles and M. Miles.[4]

### D. Motion for Sanctions/Sur Reply

Finally, W. Miles motion for leave to file a memorandum in response to a motion for sanctions is dismissed as moot because there is no motion for sanctions pending on the docket. Further, W. Miles filed a sur reply containing the same information as contained in the motion for leave to respond. In its reply in support of its motion for summary judgment, Nationwide Mutual argued that W. Miles had impermissibly relied upon affidavits in her response taken from witnesses who were not disclosed before the end of the discovery period. Nationwide Mutual asserted that the court should exclude those affidavits. Because a genuine issue of material fact exists as to whether W. Miles qualifies as a resident relative under the policies without consideration of the additional affidavits, the court did not consider them.

---

[4]Nationwide Mutual suggests that W. Miles may not be entitled to UM or UIM coverage because she was not a permissive user at the time of the accident. (Nationwide Mutual's Am. Mem. Supp. Summ. J. 1-2.) However, because the court finds that there is a genuine issue of material fact as to whether W. Miles may recover on the basis of being a resident relative, the court need not consider whether she may recover on the basis of being a permissive user.

14

It is therefore

**ORDERED** that W. Miles' motion for partial summary judgment, document number 40, is denied. It is further

**ORDERED** that Nationwide Mutual's motion for summary judgment, document number 38, is granted in part and denied in part. It is further

**ORDERED** that W. Miles' motion for leave to file a response to Nationwide's request for sanctions, document number 50, is dismissed as moot.

**IT IS SO ORDERED.**

                                                      s/Henry M. Herlong, Jr.
                                                     United States District Judge

Greenville, South Carolina
February 28, 2006